# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JIMMETRIA MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| VB FRANCHISE DEVELOPMENT, LLC ) | |
| d/b/a ROCK N ROLL SUSHI, ) | |
| ) | |
| Defendant. | |

## **COMPLAINT**

### I. **JURISDICTION**

1. This is a suit for relief from discriminatory termination of employment instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"). Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Jimmetria Moss ("Plaintiff") timely filed a charge of discrimination against defendant VB Franchise Development LLC ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Madison County, Alabama.

4. Defendant is a Texas limited liability company.

## III. STATEMENT OF FACTS

5. Plaintiff is female.

6. Defendant owns and operates a Rock N Roll Sushi franchise in Huntsville, Alabama, and did so during the events of this case.

7. In or about November of 2018, Plaintiff became employed by Defendant at the Rock N Roll Sushi store in Huntsville.

8. Plaintiff's position was line cook.

9. Harley LeVan was the store manager.

10. LeVan is male.

11. On June 14, 2019, LeVan asked Plaintiff to train Quinn Terry, who went by Ezekiel.

12. Terry had recently been hired.

13. Terry is male.

14. Plaintiff had previously told LeVan that Terry had an attitude toward those training him and was not willing to listen.

15. LeVan had said that he would talk with Terry about it.

16. As Plaintiff was training Terry on June 14, she corrected him on something.

17. At that point, Terry started yelling and cursing at Plaintiff.

18. Plaintiff cursed back at Terry.

19. Terry then walked up to Plaintiff and chest bumped her hard enough that she had to take a step back.

20. Some co-workers then stepped between Plaintiff and Terry.

21. The next day, LeVan fired Plaintiff.

22. LeVan said that the reason was that Plaintiff had cursed loudly and that he (LeVan) was "hit" at some point during the altercation.

23. LeVan did not say how he got hit.

24. Plaintiff had not observed LeVan being hit.

25. Plaintiff did not curse any louder than Terry had cursed.

26. Plaintiff did not do anything to cause LeVan to be hit.

27. Rather, if he were hit, it had to have been due to Terry chest bumping Plaintiff.

28. Terry was not terminated.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

29. Paragraphs 1-28 above are incorporated by reference.

30. Defendant was at all times relevant to this complaint an employer as contemplated under Title VII.

31. Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her gender.

32. Plaintiff's gender was a motivating factor in Defendant's decision to terminate her.

33. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's act as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of Defendant's violation of Plaintiff's rights (or, alternatively, providing

front-pay), providing back-pay and restoration of lost benefits and perquisites of employment with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter  
Attorney for Plaintiff

<u>Defendant's Address</u>:
VB Franchise Development LLC
c/o Belinda Villarreal, Registered Agent
1402 Stratford Road SE
Decatur, AL 35601